IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **EMILIO CRUZ,** | § | |
| **Plaintiff,** | § § § | |
| v. | § § | CIVIL ACTION NO. 5:19-cv-1329 |
| **REGION 20 EDUCATION SERVICE CENTER.** | § § § § | |
| **Defendant.** | § | |

## COMPLAINT

Plaintiff, by his attorney, Dennis L. Richard, complaining of Region 20 Education Service Center (Region 20) alleges:

### JURISDICTION AND VENUE

(1)   This action is brought to remedy sex discrimination and retaliation for Plaintiff's opposition to protected activity under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.*

(2)   Plaintiff Emilio Cruz, a resident of Bexar County and the State of Texas, filed a complaint and charge of retaliation against Defendant with the Equal Employment Opportunity Commission (EEOC) complaining of acts of sexual harassment and retaliation alleged herein.

(3)   On October 3, 2019, the EEOC issued Plaintiff a notice informing him of his right to sue Defendant in state or federal court.

(4)   Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII. Jurisdiction of the Court is proper under Section 706(f)(3) of Title VII, 42 U.S.C. Section 2000e-5(f)(3).

(5) As the unlawful employment practices complained of herein occurred within the Western District of Texas, venue is proper in this District pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. Section 2000e-5(f)(3), and 28 U.S.C. Section 1391(b).

## PARTIES

(6) Plaintiff was employed by Defendant in a professional educator role as a manager of adult education programs. Defendant is an employer as defined by Title VII.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

(7) On or about February 1, 2017, Plaintiff participated in unprofessional communications with his AEL (Adult Education and Literacy) Coordinator III, Kim Vinton. Plaintiff stopped the communications from his end and requested the AEL Coordinator III to do the same. Vinton persisted in her efforts to engage Plaintiff in sexually unprofessional communications. One of her communications was that she likes to have sex up her ass. On or about May 5, 2017, Plaintiff received a disciplinary warning from Vinton's direct supervisor, Nicole Smith and the AEL Coordinator III. Plaintiff complained to Human Resources that Vinton was sexually harassing him and subjecting him to retaliation for opposing the sexually unprofessional communications.

(8) On or about May 16, 2017, Plaintiff received a Final Written Warning from Region 20 Human Resources. HR did nothing to discipline Vinton for her retaliation and sexual harassment. However, HR advised Cruz that if he was unable to work in a positive and productive manner with Vinton he would be fired or forced to resign. Particularly troubling about this action by Defendant's HR was the fact that complaints of sexual harassment had been lodged before against Vinton and still this conduct continued unabated.

(9) On or about August 24, 2017, Plaintiff was informed by Nicole Smith, Component Director for Defendant and Vinton's direct supervisor, that Cruz had three options:

1) resignation, 2) termination or 3) accept a part-time Adult Education Instructor position. Plaintiff was never offered any further meaningful work with Defendant and understood Nicole Smith to have terminated him at the end of August 2017. Defendant's HR used pretext to try and claim there were performance issues that justified Plaintiff's termination. However, every criticism levelled against Cruz was also applicable to other Region 20 managers who were not terminated for these alleged performance deficiencies.

## FIRST CAUSE OF ACTION

(10)    Defendant has sexually harassed and discriminated against Plaintiff in the terms and conditions of his employment on the basis of his sex, (male), in violation of Title VII.

(11)    Plaintiff is now suffering and will continue to suffer mental anguish and emotional distress and monetary damages as a result of Defendant's sexual harassment and discriminatory practices.

## SECOND CAUSE OF ACTION

(12)    Defendant has retaliated against Plaintiff in the terms and conditions of his employment in violation of Title VII.

(13)    Plaintiff is now suffering and will continue to suffer mental anguish and emotional distress and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

## PRAYER FOR RELIEF

(14)    WHEREFORE, Plaintiff respectfully requests this Court enter a judgment:

(a)    Declaring the acts and practices complained of herein are in violation of Title VII;

(b)    Awarding Plaintiff compensatory damages;

(c)    Directing Defendant to place Plaintiff in the position he would have occupied but

for Defendant's discriminatory and retaliatory treatment of him, and make him whole for to all earnings he would have received but for Defendant's discriminatory/retaliatory treatment, including, but not limited to, wages, pensions, and other lost benefits;

(d)     Awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Section 706 (k) of Title VII, 42 U.S.C. Section 2000e-5(k); and

(e)     Granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

____/s/ *Dennis L. Richard*___
Dennis L. Richard
SBN: 16842600
**LAW OFFICE OF DENNIS L. RICHARD**
14255 Blanco Road
San Antonio, TX 78216
Telephone:  (210) 308-6600
Telecopier: (210) 308-6939
dennislrichardlaw@gmail.com